Filed 12/26/07          NO. 4-07-0324

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CARRIE HERIFORD, | ) | Appeal from |
|      Plaintiff-Appellant and | ) | Circuit Court of |
|      Cross-Appellee, | ) | Sangamon County |
|      v. | ) | No. 03L288 |
| JOHN W. MOORE, | ) | |
|      Defendant-Appellee and | ) | Honorable |
|      Cross-Appellant. | ) | Patrick W. Kelley, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Carrie Heriford, purchased a home from defendant, John W. Moore. After the purchase, Heriford discovered certain material defects that she claimed Moore knew about but did not disclose prior to closing. Heriford sued Moore for violation of the Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 through 99 (West 2002)), seeking the costs of repairs as damages.

At the jury trial, Heriford called an expert witness to testify about the defects in the structure, the necessary repairs, and the costs of those repairs. Moore objected to the testimony regarding the costs of repairs because Heriford had not disclosed the substance of this testimony prior to trial. The trial court sustained Moore's objection and refused to allow the expert to testify regarding the costs of the repairs. This expert was Heriford's only witness on damages. At the close of Heriford's case, the court granted Moore's motion for a directed verdict, finding she had failed to sufficiently prove damages. The court also subsequently denied Heriford's motion for a

new trial.

In this appeal, Heriford claims the trial court erred in granting a directed verdict and denying her motion for a new trial. She argues that pursuant to Supreme Court Rule 213(f) (210 Ill. 2d R. 213(f)), she did not have a duty to disclose the nature of her expert's testimony unless and until Moore had requested the same in the form of interrogatories. Because Moore did not propound interrogatories, she claims she was not required to disclose the substance of her expert's anticipated testimony.

In a cross-appeal, Moore claims the trial court erred in denying his motion for attorney fees. He claims Heriford's complaint was filed in bad faith and was not supported by sufficient facts or law. He claims as the prevailing party, he should have been awarded his attorney fees pursuant to section 55 of the Disclosure Act (765 ILCS 77/55 (West 2002)). We reverse and remand.

## I. BACKGROUND

In October 2002, Heriford purchased a residence from Moore located at 10689 Bell Fountain Road in Dawson, Illinois. In October 2003, Heriford filed a two-count complaint. In the first count, she alleged Moore had violated the Disclosure Act by not providing her, prior to closing, with a Real Property Disclosure Report identifying significant problems with the residence. She also alleged Moore intentionally misrepresented the condition of the residence in order to procure the sale. Heriford sought damages against Moore in excess of $50,000 for the cost of the necessary repairs, plus court costs and attorney fees.

In the second count, Heriford filed an action against Penny Bale,

Heriford's purchasing agent, for breach of contract, claiming Bale failed to take action to prevent Moore's nondisclosures. Heriford sought damages against Bale in excess of $50,000 for the cost of repairs, plus court costs and attorney fees. In April 2005, summary judgment was awarded in Bales' favor. She is not a party to this appeal.

On November 18, 2005, the trial court entered a case-management order, setting November 30, 2005, as the date Heriford was to "disclose expert witness" and January 30, 2006, as the date by which those witnesses should be deposed by defendant.

On November 28, 2005, Heriford filed a certificate of service indicating to the trial court that she had disclosed to Moore the identification of her expert witness, Ralls C. Melotte. This disclosure, a document mailed to Moore's counsel, set forth that "pursuant to Rule 213(f)," Heriford intended to produce at trial the testimony of Melotte, who "will testify to the facts set forth in the report attached hereto as Exhibit A." This report, dated August 15, 2003, did not mention any information related to the costs of repairs. Moore neither propounded interrogatories nor deposed Melotte.

The jury trial began on January 3, 2007. Heriford called Melotte as her second witness. He testified extensively on the needed repairs. During his direct examination, Heriford's counsel asked Melotte, "How much would that type of work cost?" Moore's counsel immediately objected. Outside the presence of the jury, Moore claimed that Heriford had failed to disclose any opinions on the costs of repairs. Heriford argued that Moore had not asked for that information, so she was not obligated to produce it. She also claimed that Melotte's report, which she had submitted, indi-

cated the extent of work that had to be done on the house; though, she admitted that report did not include "a dollar figure in there." The trial court sustained Moore's objection and barred Melotte from further testifying regarding costs.

At the close of Heriford's case, the trial court granted Moore's motion for a directed verdict. The court found Heriford had produced sufficient evidence on the issue of liability, but she had failed to produce any evidence of damages.

In January 2007, the trial court denied Heriford's motion for a new trial, and in April 2007, the court denied Moore's motion for attorney fees. This appeal and cross-appeal followed.

## II. ANALYSIS

### A. Heriford's Appeal

#### 1. Supreme Court Rule 213 Violation

According to Heriford, the central issue in her appeal is straightforward: Does a party's duty to disclose the nature of an expert's anticipated trial testimony only exist if the opposing party has propounded interrogatories requesting such information or does the party have a continuing affirmative duty to disclose? The trial court answered the latter in the affirmative--a party has a continuing duty to disclose the information that it intends to use as evidence at trial regardless of whether the other party specifically asks for the information by propounding interrogatories.

Our supreme court has established two distinct tracks for the conduct of discovery. In Supreme Court Rule 222 (166 Ill. 2d R. 222), limited to actions for money damages for less than $50,000, disclosure of discoverable information is to proceed by

- 4 -

local rule or, if no local rule exists, by Rule 222. By the provisions of that rule, each party is required to promptly (within 120 days of the filing of responsive pleading) disclose the information delineated in Rule 222(d).

The second track, provided for by Supreme Court Rule 213, is applicable to all actions where the ad damnum is in excess of $50,000. Subparagraph (f) of that rule provides a clear condition precedent to the provision of discovery, unlike Rule 222. The duty to disclose arises "[u]pon written interrogatory." 210 Ill. 2d R. 213(f). Here, defendant never served interrogatories on plaintiff.

In this regard, the First District's opinion in In re J.D., 332 Ill. App. 3d 395, 772 N.E.2d 927 (2002), is instructive. While the ultimate resolution of that case was determined on other grounds, the court opined in dicta that because interrogatories were never served on the party seeking to proffer an expert witness, Rule 213 (applicable to a termination of parental rights case) did not act as a bar to such witnesses' testimony and the admission of such testimony was governed by an exercise of the trial court's discretion. J.D., 332 Ill. App. 3d at 403, 772 N.E.2d at 934.

Here, the trial court entered a pretrial discovery schedule that required Heriford to disclose her witnesses, including expert witnesses, by a date certain. Counsel for Heriford did so, mistakenly captioning his disclosure as being pursuant to Supreme Court Rule 213(f). Moore thereafter had 60 days within which to depose or otherwise ascertain the nature and scope of Heriford's witnesses' testimony but did nothing.

The supreme court discussed Rule 213 in its decision in Sullivan v.

- 5 -

Edward Hospital, 209 Ill. 2d 100, 806 N.E.2d 645 (2004). There, the plaintiff sued a hospital and a doctor for medical malpractice. The plaintiff complained that the hospital, through the conduct of one of its nurses, was negligent in the care and treatment of the plaintiff. The trial court struck the testimony of the plaintiff's expert witness, who had testified regarding the standard of care for the nursing profession. Without this testimony, the plaintiff could not prove that the hospital had breached its duty of care, so the court granted the hospital's motion for a directed verdict at the close of the plaintiff's case. Sullivan, 209 Ill. 2d at 106, 806 N.E.2d at 650.

The trial court struck portions of the expert's testimony because it found that the plaintiff had not properly disclosed the expert's opinion during pretrial discovery in violation of Rule 213. Sullivan, 209 Ill. 2d at 106, 806 N.E.2d at 650. During pretrial discovery, the plaintiff had submitted a Rule 213 disclosure containing the expert's name and the subject of his anticipated testimony. However, this disclosure did not include the expert's opinion that the nurse had deviated from the standard of care for professional nurses by not adequately communicating the plaintiff's condition to the doctor during their telephone conversations. Sullivan, 209 Ill. 2d at 108, 806 N.E.2d at 651. After the expert so testified, the hospital moved to strike that opinion. The plaintiff conceded that this specific opinion was not included in the Rule 213 disclosure. The court granted the hospital's motion to strike. Sullivan, 209 Ill. 2d at 108, 806 N.E.2d at 651.

The supreme court referred to the mandatory nature of (1) the disclosure requirements and (2) the parties' continuing duty to inform the opponent of new or

additional information as set forth in subsections (g) and (i) of Rule 213, respectively. Sullivan, 209 Ill. 2d at 109, 806 N.E.2d at 651. The court noted those disclosures must be specific and that allowing either side to ignore Rule 213's plain language would defeat the rule's purpose and encourage "tactical gamesmanship." Sullivan, 209 Ill. 2d at 110, 806 N.E.2d at 652. The court found that under the new Rule 213 (which replaced Rule 220), the disclosure requirements were stricter and trial courts should seek to hold the parties to this higher standard of compliance with the disclosure requirements. Sullivan, 209 Ill. 2d at 110, 806 N.E.2d at 652. The court held that the trial court did not abuse its discretion (1) in finding that the plaintiff had violated Rule 213(g) by failing to disclose the specific opinion proposed by his expert witness at trial, and (2) as a sanction, by striking the expert's testimony regarding the previously undisclosed opinion. Sullivan, 209 Ill. 2d at 110-11, 806 N.E.2d at 652-53.

Here, the tactical gamesmanship was engaged in by Moore. He knew of Heriford's expert witness from her compliance with the pretrial discovery schedule. On the basis of the nature of Heriford's cause of action, Moore knew that money damages were sought for the necessary remediation and repair to the house Heriford had purchased. No surprise at the assertion that such remediation and repair would have a price tag can be imagined. Under such circumstances, the decision to not propound interrogatories was a tactical stratagem designed to lay a trap for Heriford.

Under such circumstances, we find that an interrogatory is the trigger for a plaintiff's duty to disclose the nature and extent of her expert's opinion. The decision of the trial court, to bar evidence of damages without engaging in the application of its

discretionary authority and thereafter award a directed verdict in favor of Moore, is in error. We, therefore, reverse the judgment awarded to Moore.

As our decision concerning Heriford's appeal results in remanding this case for further proceedings, no disposition is made of Moore's cross-appeal of the trial court's refusal to award attorney fees.

### III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand this cause for new discovery and trial proceedings as the parties desire pursuant to Rule 213.

Reversed and remanded.

McCULLOUGH and TURNER, JJ., concur.