No. 2--08--0061     **Filed:  2-26-09**

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SKARIN CUSTOM HOMES, INC., | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant and Cross-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07--L--302 |
| | ) | |
| JOSEPH ROSS and STEPHANIE ROSS, | ) | |
| | ) | Honorable |
| Defendants-Appellees and Cross- | ) | John T. Elsner, |
| Appellants. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

The plaintiff, Skarin Custom Homes, brought this action against the defendants, Joseph and Stephanie Ross, asserting claims for breach of contract and breach of the Illinois Residential Real Property Disclosure Act (the Disclosure Act) (765 ILCS 77/1 et seq. (West 2006)).  On December 20, 2007, the trial court granted the defendants' motion to dismiss the plaintiff's verified amended complaint under section 2--619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619 (West 2006)).  The plaintiff appeals from that order.  On April 24, 2008, the trial court denied the defendants' motion for attorney fees and costs.  The defendants cross-appeal from that order.  We reverse and remand for additional proceedings.

On March 10, 2006, the parties entered into a residential real estate contract for the sale of property located at 2S500 Arrowhead in Wheaton from the defendants to the plaintiff.  Prior to the plaintiff's purchase of the property, the defendants completed a residential real property disclosure

report as required by section 35 of the Disclosure Act (765 ILCS 77/35 (West 2006)). In their disclosure report, the defendants stated that they were aware of flooding or recurring leakage problems in the basement of the property. The defendants explained that there was "some seepage in basement during heavy rains." On March 31, 2006, the parties closed on the contract and the plaintiff took possession of the property. Following the closing, the plaintiff allegedly discovered that there was a history of severe flooding in the basement of the property and elsewhere on the lot of the property.

The plaintiff's original complaint, filed March 29, 2007, sought recovery for breach of contract, breach of the Disclosure Act, and common-law fraud. The claims were premised on allegations that the defendants failed to disclose that there was a history of flooding in the basement of the property and elsewhere on the lot of the property. The defendants moved to strike the plaintiff's original complaint pursuant to section 2--615 of the Code (735 ILCS 5/2--615 (West 2006)), arguing that the complaint failed to state causes of action for breach of contract, breach of the Disclosure Act, and common-law fraud. On June 27, 2007, the trial court dismissed with prejudice the plaintiff's claims for breach of the Disclosure Act and common-law fraud. The trial court dismissed the plaintiff's claim for breach of contract without prejudice and granted the plaintiff leave to file an amended breach-of-contract claim. Following a motion to reconsider, the trial court reversed its ruling as to the claim for breach of the Disclosure Act and granted the plaintiff leave to replead its claims for breach of contract and of the Disclosure Act.

On October 15, 2007, the plaintiff filed an amended two-count complaint. Count I, for breach of contract, alleged that the defendants breached the real estate contract by failing to disclose in their residential real property disclosure report the severe flooding problems in the basement of

the home and on the lot. Count II, for breach of the Disclosure Act, alleged that the defendants breached the Disclosure Act by disclosing only "some seepage in the basement during heavy rains" when they had actual knowledge of severe flooding of several feet of water in the basement.

On November 2, 2007, the defendants filed a section 2--619 motion to dismiss. In that motion, the defendants argued that the plaintiff's claims were barred by other affirmative matter (735 ILCS 5/2--619(a)(9) (West 2006)). Specifically, the defendants pointed out that in its amended complaint the plaintiff acknowledged that its original intent in purchasing the property had been to tear down the house, build a new house, and sell the property for profit. The defendants argued that, if both parties to a real estate contract know that the buyer intends to raze the only structure located thereon and redevelop the property, the Disclosure Act serves no purpose and is inapplicable to the transaction. Accordingly, the defendants argued that, because the Disclosure Act was inapplicable and because both claims were based on a failure to disclose under the Disclosure Act, both claims must be dismissed with prejudice.

On December 20, 2007, following a hearing, the trial court granted the defendants' motion to dismiss. The trial court found that the plaintiff's intent to raze the home on the property removed the transaction from the realm of the Disclosure Act. The trial court further determined that, because both claims were based on the defendants' alleged failure to disclose, both counts should be dismissed with prejudice. Thereafter, the plaintiff filed a timely notice of appeal.

On January 22, 2008, the defendants filed a motion for attorney fees and costs based on paragraph 18 of the subject real estate contract. Pursuant to paragraph 18, "[t]he prevailing party in litigation shall be entitled to collect reasonable attorney fees and costs from the losing party as ordered by a court of competent jurisdiction." The defendants argued that, because the plaintiff's

claims were dismissed with prejudice, the defendants were the prevailing party and thus were entitled to have their reasonable attorney fees and costs assessed against the plaintiff. On April 24, 2008, following a hearing, the trial court denied the defendants' motion for attorney fees and costs. The trial court found that paragraph 18 of the contract applied only if there had been a default of the contract by either party. The trial court determined that, because there had been no default by either party, the defendants were not entitled to attorney fees and costs. Thereafter, the defendants filed a timely notice of cross-appeal.

At the outset, we note that the plaintiff filed a motion to strike certain portions of the defendants' reply brief in their cross-appeal. We ordered that motion taken with the case. In that motion, the plaintiff argues that the defendants included improper argument in their reply brief. Specifically, in addition to making arguments in reply to the plaintiff's answer to their cross-appeal, the defendants made arguments directed against the plaintiff's reply to the defendants' response to the plaintiff's appeal. The plaintiff argues that the latter constitutes impermissible surreply. We agree. Pursuant to Supreme Court Rule 343(b)(1) (210 Ill. 2d R. 343(b)(1)), a cross-appellant's reply brief should be confined strictly to replying to the appellant's answer to the arguments on cross-appeal. Accordingly, we grant the plaintiff's motion to strike and will consider only the arguments in the defendants' reply brief that respond to the plaintiff's answer to their cross-appeal.

On appeal, the plaintiff argues that the trial court erred in dismissing (1) its claims for breach of the Disclosure Act and breach of contract contained in its amended complaint; and (2) its claim for common-law fraud contained in its original complaint. With respect to the plaintiff's claims in its amended complaint for breach of the Disclosure Act and breach of contract, a motion to dismiss pursuant to section 2--619(a)(9) should be granted only where the claim asserted by the plaintiff is

barred by an affirmative matter defeating the claim. 735 ILCS 5/2--619(a)(9) (West 2006). The purpose of a section 2--619 dismissal "is to dispose of issues of law and easily proved issues of fact early in the litigation." Czarobski v. Lata, 227 Ill. 2d 364, 369 (2008). We review section 2--619 dismissals de novo. Czarobski, 227 Ill. 2d at 369.

As stated above, in dismissing the plaintiff's claims for breach of contract and of the Disclosure Act in its amended complaint, the trial court found that the plaintiff's intent to raze the home on the property removed the transaction from the realm of the Disclosure Act. Thus, the scope of the Disclosure Act is at issue. The construction of a statute is a question of law, which we review de novo. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006). The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. DeLuna, 223 Ill. 2d at 59. To determine the legislature's intent, courts first look to the statute's language. O'Keefe v. Illinois State Police Merit Board, 313 Ill. App. 3d 817, 827 (2000). When the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation. DeLuna, 223 Ill. 2d at 59.

With respect to the issue in the present case, we find no ambiguity in the statute. The plain language of the statute indicates that, absent specific exceptions (see 765 ILCS 77/15 (West 2006)), the Disclosure Act applies to any transfer of residential real property. 765 ILCS 77/10 (West 2006). "Residential real property" is defined as " 'real property improved with not less than one nor more than 4 residential dwelling units.' " Grady v. Sikorski, 349 Ill. App. 3d 774, 777 (2004), quoting 765 ILCS 77/5 (West 1998). "Dwelling unit" reflects the current or intended future use of a space as a residence. Grady, 349 Ill. App. 3d at 777. Here, the property included a structure that was currently

being used as a residence. Accordingly, pursuant to the plain language of the Disclosure Act, it was applicable to the transaction.

The defendants argue that, because the plaintiff's intent when it purchased the property was to tear down the existing house, the Disclosure Act did not apply to the transaction. The Disclosure Act, however, specifically lists nine exceptions to its applicability. See 765 ILCS 77/15 (West 2006). A buyer's intent to tear down a residential structure and rebuild on the property is not listed as an exception. We must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that the legislature did not express. O'Keefe, 313 Ill. App. 3d at 828. Thus, in this case, the plaintiff's original intent to tear down the existing house did not render the Disclosure Act inapplicable. Accordingly, the trial court erred in granting the defendants' section 2--619 motion to dismiss the plaintiff's claims for breach of the Disclosure Act and breach of contract.

In so ruling, we note that the trial court relied on Grady in finding that the plaintiff's intent to raze the home on the property removed the transaction from the realm of the Disclosure Act. In Grady, the parties entered into a contract for the sale of real property. Grady, 349 Ill. App. 3d at 775. The property included a two-story building that Grady intended to demolish in order to construct a multi-unit condominium building. Grady, 349 Ill. App. 3d at 775. The building had been stripped of its fixtures and, thus, lacked cabinets, toilets, appliances, lighting, a furnace, a water heater, and other amenities. Grady, 349 Ill. App. 3d at 775. The sale was treated as one for vacant property. Grady, 349 Ill. App. 3d at 776.

After purchasing the property, Grady discovered a soil condition that resulted in additional costs in constructing the condominium building. Grady, 349 Ill. App. 3d at 776. When Sikorski had

purchased the property two years earlier with the intent to develop the lot, he ordered and received a soil test report that indicated the soil was soft to a depth of 27 feet. Grady, 349 Ill. App. 3d at 776. Sikorski decided not to build on the lot. Grady, 349 Ill. App. 3d at 776. Sikorski did not complete a residential real property disclosure report prior to the sale to Grady. Grady, 349 Ill. App. 3d at 776. Grady filed a complaint against Sikorski, alleging that Sikorski violated the Disclosure Act by not disclosing the soft soil, a known material defect in the property. Grady, 349 Ill. App. 3d at 776. Following a bench trial, the trial court determined that the Disclosure Act applied to the transaction but that Sikorski did not knowingly violate the statute, because he had provided his real estate agent with a copy of the soil test report. Grady, 349 Ill. App. 3d at 776.

On appeal, Grady argued that the Disclosure Act applied to the real estate transaction and that Sikorski should have provided her with a residential real property disclosure report. Grady, 349 Ill. App. 3d at 776. In making its determination, the reviewing court noted that section 5 of the Disclosure Act defined "residential real property" as "real property improved with not less than one nor more than 4 residential dwelling units." 765 ILCS 77/5 (West 1998); Grady, 349 Ill. App. 3d at 777. The reviewing court further noted:

"In the context of other statutes, this court has found 'dwelling unit' to reflect the current or intended future use of a space as a residence. Here, Grady does not dispute that the structure on the property was not habitable and would not be made liveable in the future.

Our research has failed to unearth any cases that address whether the Act applies to the sale of property that includes an uninhabitable building. *** While no court has addressed the Act's definition of 'residential real property,' it is noteworthy that each case already decided under the Act has involved the sale of a home or condominium that the

-7-

buyers intend to use as a residence or rent to another party as living quarters. [Citations.]

***

     ***

     *** If, as in the instant case, the buyer of the property intends to destroy the structure, the Act's disclosure requirements serve no useful purpose." Grady, 349 Ill. App. 3d at 777-78.

The reviewing court affirmed the trial court's judgment in Sikorski's favor, but on an alternative basis. Specifically, the reviewing court found that the Disclosure Act did not apply to the transaction, because the Disclosure Act did not require that a residential real property disclosure report be completed for the sale of property that included an uninhabitable structure. Grady, 349 Ill. App. 3d at 779.

The facts in the present case are clearly distinguishable from those in Grady. In Grady, although there was a building on the property, it had been stripped of most amenities and was uninhabitable. The Grady building was not currently being used as a residence nor was there an intent to use it as such in the future. Thus, the building was not within the Disclosure Act's express language. In the present case, contrary to the Grady case, there was a residential building on the property that was fully functional, currently being used as a residence, and habitable. Thus, as explained above, it was within the express language of the Disclosure Act. As Grady involved only "the sale of property that include[d] an uninhabitable structure" (Grady, 349 Ill. App. 3d at 779), it is inapplicable to the facts herein.

The plaintiff's second contention on appeal is that the trial court erred in dismissing count III of its original complaint, a claim based on common-law fraud. It is a well-established principle

in Illinois that a party who files amended pleadings forfeits any objection to the trial court's rulings on any former complaints. Foxcraft Townhome Owners Ass'n v. Hoffman Rosner Corp., 96 Ill. 2d 150, 153 (1983). " 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " Foxcraft, 96 Ill. 2d at 154, quoting Bowman v. County of Lake, 29 Ill. 2d 268, 272 (1963). "[A]llegations in former complaints, not incorporated in the final amended complaint, are deemed waived." Foxcraft, 96 Ill. 2d at 155; cf. Cwikla v. Sheir, 345 Ill. App. 3d 23, 28 (2003) (claim preserved for review where the amended complaint repled the claim); Saunders v. Michigan Avenue National Bank, 278 Ill. App. 3d 307, 312 (1996) (claims preserved for review where footnote in third amended complaint indicated that " '[t]he prior complaints are attached as Appendix A to preserve the previously dismissed claim [sic] for appeal' "); Larkin v. Sanelli, 213 Ill. App. 3d 597, 602 (1991) (explaining that in Arnold v. Village of Chicago Ridge, 181 Ill. App. 3d 778, 782 (1989), the claims were preserved for review because the later pleadings made reference to and incorporated the earlier pleadings that had been stricken). In the present case, the plaintiff filed an amended complaint that did not replead, make reference to, or incorporate the claim for common-law fraud in its original complaint. Accordingly, the plaintiff has forfeited any objection to the trial court's dismissal of the common-law fraud claim in its original complaint.

On cross-appeal, the defendants argue that the trial court erred in denying their motion for attorney fees and costs. The subject real estate contract included a sentence indicating that the prevailing party in litigation shall be entitled to collect reasonable attorney fees and costs from the losing party. The defendants argued that they were entitled to attorney fees and costs as the prevailing party because the trial court dismissed the plaintiff's amended complaint. As we are

reversing that dismissal and remanding for further proceedings, no disposition is made of the defendants' cross-appeal of the trial court's refusal to award attorney fees and costs. Heriford v. Moore, 377 Ill. App. 3d 849, 854 (2007).

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for additional proceedings consistent with this order.

Reversed and remanded.

McLAREN and BURKE, JJ., concur.