2015 IL App (1st) 142695

THIRD DIVISION
August 26, 2015

No. 1-14-2695

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF RUTH MITTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CH 31961 |
| | ) | |
| TERRY MITTER, | ) | The Honorable |
| | ) | Jeanne M. Reynolds |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Pucinski and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from a dissolution of marriage proceeding.  Respondent Terry Mitter contends that the trial court erred in denying him a credit for Social Security dependent benefits paid to petitioner Ruth Mitter on behalf of the minor children because the benefits were earned by respondent, and thus, were not gratuitous for the children and should be considered part of respondent's overall child support obligation.  We reverse and remand for further proceedings.

¶ 2                              BACKGROUND

¶ 3    Respondent and petitioner were married on August 27, 2005, and the marriage produced three children.  Both parties were employed by the Chicago Public Schools (CPS) and respondent was 25 years-older than petitioner.  On July 16, 2013, petitioner vacated the marital residence and filed a petition for temporary relief, requesting custody of the children, child support and other financial relief.  Thereafter, the parties filed an agreed order which gave temporary custody to petitioner and set respondent's temporary child support at $2,286.00 per month, pursuant to section 505(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a)(1) (West 2012)).  This amount was calculated at 32% of respondent's net income from his employment, his Social Security benefits and the children's dependant allotment.  Petitioner then applied to the Social Security Administration (SSA) and was granted respondent's dependant Social Security benefits.  As a result, respondent filed a petition to modify temporary child support, which was modified to $880 per month based on 32% of respondent's net income from his employment and Social Security benefits.  Thus, respondent was given a credit for the $1,083 dependent benefits being paid directly to petitioner.  After a pretrial conference, petitioner filed a petition to increase child support with no credit for the dependent benefits being paid to her.

¶ 4    On August 29, 2014, the trial court entered a dissolution of marriage judgment between respondent and petitioner.  The judgment incorporated a marital settlement agreement requiring respondent to pay petitioner $1,942 per month for guideline child support of the three minor children.  In addition, petitioner was to receive the children's portion of respondent's social security payments in the amount of $1,083.  The settlement agreement also required petitioner to pay the full costs of daycare, sports equipment and uniforms, school activity fees, enrollment

fees, registration fees, lunch fees, sports fees, tuition, books, supplies and other required school and/or extracurricular activity fees relating to the minor children.

¶ 5      At the prove-up hearing, both parties voluntarily agreed to the above settlement and waived trial.  Respondent, however, stipulated to the following issue on the record and reserved his right to appeal.  Specifically, respondent's counsel stipulated that "the [$1,942] [was], in fact, a properly-calculated 32 percent figure of [respondent's] net income from all sources currently. *** What we dispute [was] the Social Security benefit of [$1,083] should be deducted from the amount because that was earned by him. *** So the stipulation [was] that, in fact, the [$1,942] [was] 32 percent of his income from all sources at this time."  The trial court disagreed with respondent and reasoned the Social Security benefit was a gratuity for the children, but noted "the Court may be wrong."  Both parties agreed this issue was appealable and executed the marital settlement agreement with that stipulation.  Respondent filed this timely appeal.

¶ 6                                  ANALYSIS

¶ 7      Respondent contends that the trial court erred in denying him a credit for Social Security dependent benefits because the benefits were earned by respondent, and thus, were not gratuitous for the children and should be considered part of respondent's overall child support obligation. As a threshold issue, we disagree with petitioner's contention that this issue was not preserved for appeal.  At the prove-up hearing, the trial court ruled in favor of petitioner and determined respondent's Social Security benefits were separate from his net income because it was "a benefit for the children."  The court noted:

> "[I]t's my understanding today that the stipulation is that [respondent] does not agree with
> the Court's recommendation that he does not get a credit for the amount of the
> dependent allotment and the credit against his *** child support payment.  The parties

3

have agreed that he may appeal that portion of it, but we're not going to hear legal

arguments on it today."

Therefore, this issue was orally preserved on the record and petitioner provides no support for her contention that respondent was required, under the circumstances of the case, to execute "a written stipulation," "timely object at trial," or file "a written post-trial motion." Thus, we need not consider this matter further. See Ill. S. Ct. R. 341(i) (eff. Feb. 6, 2013) (the argument must contain the contentions of the appellee and the reasons therefor with citation to authority).

¶ 8    When a party seeks to vacate a marital settlement incorporated in a judgment of dissolution of marriage, all presumptions are in favor of the validity of the settlement. *In re Marriage of Gorman*, 284 Ill. App. 3d 171, 180 (1996). A settlement agreement can be set aside if it is shown that the "agreement is unconscionable." (internal quotation marks omitted.) *In re Marriage of Baecker*, 2012 IL App (3d) 110660, ¶ 25. To determine whether an agreement is unconscionable, we consider two factors: (1) the conditions under which the agreement was made; and (2) the economic circumstances of the parties that result from the agreement. *In re Marriage of Gorman*, 284 Ill. App. 3d at 181. It is well settled that a marital settlement agreement is unconscionable if there is "an absence of a meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (internal quotation marks omitted.) *In re Marriage of Callahan*, 2013 IL App (1st) 113751, ¶ 20. The amount of an award of child support is a matter within the sound discretion of the trial court and the award will not be disturbed on appeal absent an abuse of discretion. *Childerson v. Hess*, 198 Ill. App. 3d 395, 397 (1990).

¶ 9    Pursuant to section 505(a)(1) of the Act, respondent was statutorily required to pay 32% of his net income in child support. 750 ILCS 5/505(a)(1) (West 2012). "Net income" is defined

as "the total of all income from all sources," minus "properly calculated" federal and state income tax, social security (FICA), mandatory retirement contributions, union dues, dependent and individual health/hospitalization insurance premiums and qualifying life insurance premiums, prior obligations of support or maintenance actually paid pursuant to a court order, expenditures for repayment of qualifying debts, and foster care payments. 750 ILCS 5/505(a)(3) (West 2012).

¶ 10      The party seeking a deviation from the statutory guidelines bears the burden of producing evidence that compelling reasons exist to justify the deviation. *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 35. A trial court may deviate from the guidelines if it finds that doing so is appropriate after considering the children's best interests in light of the following factors: the financial resources and needs of the child and both parents; the standard of living the child would have enjoyed had the marriage not been dissolved; the physical, mental, and emotional needs of the child; and the educational needs of the child. 750 ILCS 5/505(a)(2) (West 2012). If the court deviates from the guidelines, it must state the amount that would have been required under the guidelines and its reasons for deviating from that amount. *Id.*; *In re Marriage of Sobieski*, 2013 IL App (2d) 111146, ¶ 53.

¶ 11      In determining whether respondent is entitled to a credit on his child support we find *In re Marriage of Henry* persuasive. *In re Marriage of Henry*, 156 Ill. 2d 541 (1993). In *In re Marriage of Henry*, the supreme court was called upon to decide whether the payment of a Social Security disability dependent benefit on behalf of the obligated parent satisfied the parent's child support obligation. In analyzing this issue, the supreme court considered the nature and purpose of the dependent benefit and determined:

"Initially, we note that when payments are made voluntarily and are not made for the benefit of the noncustodial parent, such payments are merely gratuitous. [citation.] In contrast, however, the right to social security benefits is earned. [citation.] A worker is legally compelled to set aside a portion of his wages in order to earn benefits used to support his dependent children in the event he becomes unable to do so himself. [citation.] Eligibility for social security benefits and the amount of such benefits depends on the earnings record of the primary beneficiary. [citation.] Thus, social security dependent disability benefits are not gratuitous [citation.], but are generated by the noncustodial parent through his labor and earnings." (emphasis and internal quotation marks omitted.) *Id.* at 550-51.

Therefore, the supreme court determined that because the dependent benefit was earned by the noncustodial parent, was made on behalf of that parent, and was paid with contributions from that parent's earnings, the payment of the dependent benefit satisfied the noncustodial parent's child support obligation. *Id.*; I.C. also *Childerson v. Hess*, 198 Ill. App. 3d 395, 399 (1990) (recognizing that any amount paid in excess of a current child support obligation is a "gratuity").

¶ 12    In addition, although this is a case of first impression, other jurisdictions have determined that Social Security benefits paid to a dependent child are part of that parent's gross income based on the premise that these benefits represent substituted income that is otherwise due to that parent. Therefore, the obligated parent may credit it toward his or her child support payment. See *Scarborough v. Scarborough*, 2651 S.E.2d 42, 44 (2007) (husband was entitled to a credit against his child support obligation for Social Security retirement benefit payments being made to former wife for the benefit of the children because the benefits were derived from his compelled contributions to the Social Security program); *Flickinger v. Flickinger*, 2005-2228, at

10 (La. App. 1 Cir. 12/28/06); 952 So. 2d 70, 77 (child support obligation of father, on whose behalf Social Security disability benefits were paid, was required to be reduced by the amount of benefits the child received); *In re Marriage of Martin*, 95 P.3d 130, 134 Kan. Ct. App. (2004) (Social Security retirement benefits should be allowed as a credit against court-ordered child support payments); *Jenkins v. Jenkins*, 704 A.2d 231, 236 (1998) (Social Security benefits paid to a child are part of that parent's gross income and that parent may take credit for it).

¶ 13     Here, we believe respondent's retirement dependent benefits serve the same purpose as the disability benefits at issue in *Henry*. Respondent is still employed by CPS and is willing and able to meet his statutorily required support obligation. Respondent worked diligently his entire life and was legally obligated to set aside portions of his wages in order to earn benefits for his dependent children in the event that he was unable to support them himself. This is not the case, and thus, the children's dependent Social Security benefits should be considered part of respondent's overall income in determining his child support obligation.

¶ 14     Furthermore, based on our above conclusion and the record before us, we find the current settlement agreement unconscionable. Both parties are employed and each earns an upward of $100,000 per year. The settlement agreement requires respondent to pay $1,083.00, above the statutorily required amount when we factor in the children's Social Security dependent benefits. It is plain from the hearing transcript that the trial court did not hear legal arguments on this issue and respondent only voluntarily signed the agreement waiving trial because he believed this issue was appealable. He did not voluntarily intend to bestow a gratuity on his children in the form of their dependent allotment of his Social Security benefits. *In re Marriage of Gibson-Terry*, 325 Ill. App. 3d 317, 326 (2001) (a settlement is procedurally unconscionable when it deprives a party of a meaningful choice). Moreover, other than the trial court concluding the

dependent benefits were a gratuity for the children, the record is unclear as to this upward departure from the statutory guidelines. See 750 ILCS 5/505(a)(2) (West 2012); *In re Marriage of Sobieski*, 2013 IL App (2d) 111146, ¶ 53 (if the court deviates from the guidelines, it must state the amount that would have been required under the guidelines and its reasons for deviating from that amount). And although petitioner contends she only agreed to the terms of the settlement in consideration for the receipt of the children's Social Security benefits, she fails to cite to anything in the record for this contention. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (the argument must contain citations to "pages of the record relied on"). Thus, we find the trial court abused its discretion and remand the case for further proceedings. See *Macknin v. Macknin*, 404 Ill. App. 3d 520, 530 (2010) (a trial court abuses its discretion where its ruling rests on an error of law).

¶ 15                                CONCLUSION

¶ 16    Based on the foregoing, we reverse the judgment of the circuit court of Cook County and remand for further proceedings.

¶ 17    Reversed, remanded for further proceedings.