[Cite as *State v. Jeffery*, 2013-Ohio-2985.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26639 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEMETRIUS J. JEFFERY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 05 1384 |

DECISION AND JOURNAL ENTRY

Dated: July 10, 2013

BELFANCE, Presiding Judge.

{¶1}  Demetrius Jeffery appeals from his convictions for burglary and domestic violence.  For the reasons set forth below, we reverse.

I.

{¶2}  Mr. Jeffery was indicted on May 31, 2011, on an 11-count indictment.  On June 14, 2011, Mr. Jeffery pleaded guilty to burglary and domestic violence, and the remaining counts in the indictment were dismissed.  The trial court reduced Mr. Jeffery's bond to a $10,000 signature bond so that Mr. Jeffery could attend the funerals of his sister and daughter.  As a condition of his bond, Mr. Jeffery was placed on electronic monitoring; however, it was subsequently determined electronic monitoring was unavailable because he lacked home phone service, and the trial court ordered Mr. Jeffery to report to the Oriana House.  Mr. Jeffery never reported, although he did contact the court on several occasions.  The trial court issued a capias for his arrest.

{¶3} In 2012, Mr. Jeffery was arrested in Stark County following a brawl in a nightclub, and, on June 19, 2012, he again appeared before the trial court in this case. At that time, Mr. Jeffery orally moved to withdraw his guilty plea. The trial court continued sentencing to allow Mr. Jeffery to file a written motion to withdraw the plea, which he did. The trial court held a hearing on the motion on July 10, 2012, at which Mr. Jeffery and his aunt Patricia Jeffery testified. The trial court denied Mr. Jeffery's motion and sentenced him to three years of community control.

{¶4} Mr. Jeffery has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA[.]

{¶5} Mr. Jeffery argues that the trial court should have granted his motion to withdraw his guilty plea because he had been under extreme stress due to the death of his daughter. He also argues that he did not understand the elements of burglary and would not have pleaded guilty had he been aware of them.

{¶6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." We review a trial court's denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. An abuse of discretion indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie* at 527. The

defendant, however, does not have an absolute right to withdraw his plea. *Id.* at paragraph one of the syllabus. Therefore, the "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶7} This Court has recognized that, where the trial court considers "the facts and circumstances of [the] case[,]" it typically does not abuse its discretion in denying a motion to withdraw a guilty plea when the following elements are present:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

(Internal quotations and citations omitted.) *State v. Robertson*, 9th Dist. Medina No. 10CA0030-M, 2011-Ohio-4300, ¶ 6. Mr. Jeffery acknowledges that the three elements listed in *Robertson* were present in this case. Nevertheless, he argues that, under the facts and circumstances of this case, the trial court abused its discretion in denying his motion because he had set forth "a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus.

{¶8} In his motion to withdraw, Mr. Jeffery argued that he was focused on the funerals of his sister and daughter when he pleaded guilty and that he was not focusing on the plea colloquy or on substance of his pleas. At the hearing on Mr. Jeffery's motion to withdraw his plea, Mr. Jeffery testified,

> At the time—at the time of the plea * * *—my only thoughts that w[ere] going through my mind right now [were] about the funerals, what am I going to do now. * * *[T]he facts or * * * nothing that went on with this case was even on my mind at all. * * * The courtroom, everything was so far away from my mind at the time because I had my mind stuck on my family members * * *.

He also averred that he pleaded guilty because he believed that was the only way he could attend the funerals of his sister and his daughter.

{¶9}    The trial court found that Mr. Jeffery's contention in his motion to withdraw that he was concerned about making funeral arrangements was "at odds with the facts presented at the plea hearing [because] defense counsel asserted that a funeral for defendant's sister was already scheduled for the next day."  However, the trial court misunderstood the entirety of testimony.  Mr. Jeffery testified that he was only concerned about attending his sister's funeral. When he referred to having to make funeral arrangements, he was speaking about the arrangements for his five-year-old daughter.[1]  In other words, although Mr. Jeffery testified that he was concerned about attending *both* funerals, he was also concerned about making the arrangements for his *daughter's* funeral.  The trial court also found that the fact that the funerals for Mr. Jeffery's sister and daughter were held at the same funeral home "support[ed] the concept that the arrangements were well in hand" although there was no testimony concerning the arrangements for his daughter.

{¶10} The trial court did not mention any of Mr. Jeffery's testimony about his daughter's death, and, in light of the trial court's misunderstanding of the testimony, it did not acknowledge the distinction between Mr. Jeffrey's  sister's funeral and his daughter's death and funeral.  The trial court focused on the fact that Mr. Jeffery did not know what day his sister died or what her address in Akron had been.  While those facts could undermine Mr. Jeffery's claims

---

[1] The trial court's misapprehension was understandable given that the testimony on this point could have been clearer and would have been difficult to follow absent the benefit of subsequent review of the transcript of the proceedings.  Furthermore, although the record makes clear that two funerals were at issue, there were many interruptions and side bar discussions with the trial court during the change of plea hearing and the testimony and discussions on the record focused upon Mr. Jeffery's sister's funeral rather than his daughter's death and funeral.

of being affected by the death of his sister, they do not address his claims of being distraught by his daughter's death.

{¶11} The trial court did not squarely address the impact of the death and funeral of Mr. Jeffrey's daughter upon the plea given its misunderstanding of some of the testimony. We express no opinion about whether Mr. Jeffery should ultimately be allowed to withdraw his plea; however, under the circumstances,[2] this matter is remanded to the trial court for further consideration of Mr. Jeffrey's motion.

{¶12} Mr. Jeffery's assignment of error is sustained.

III.

{¶13} The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[2] We note that the plea in this case was not made at "the moment of truth" before trial only to attempt to withdraw it later. *Compare with State v. Walker*, 8th Dist. Cuyahoga No. 95701, 2011-Ohio-3979, ¶ 22 ("In a case in which the record reflects the defendant made his decision to enter a guilty plea when his case had been pending for a considerable amount of time and the parties were at a point at which they were fully prepared to go forward to trial, the court certainly acts within its discretion to include [such a] circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea.") (Internal quotations and citations omitted.).

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.