[Cite as *State v. Robinson*, 2015-Ohio-4262.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     27641 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACKY ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 2005 01 0042 |

DECISION AND JOURNAL ENTRY

Dated: October 14, 2015

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Jacky Robinson, Jr., appeals the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea.  For the reasons that follow, we reverse the trial court's judgment.

I.

{¶2}   This matter implicates Robinson's 2005 conviction on aggravated murder and aggravated burglary with two firearm specifications in trial court case number CR-2005-01-0042.  The victim of these crimes was Dennis Ober.  Before this conviction, Robinson pled guilty in trial court case number CR-2003-02-0555 to the murder of Grover Jones after giving a confession to police.  After starting to serve his prison term for the Jones murder, Robinson was implicated in Ober's murder and was questioned by police.  During this police interrogation, Robinson confessed to Ober's murder.  He subsequently pled guilty to aggravated murder and the trial court sentenced him to life imprisonment in CR-2005-01-0042.

{¶3}    On September 30, 2014, Robinson filed a motion to withdraw his guilty plea.[1] Attached to the motion was both an affidavit dated April 19, 2012 that was purportedly executed by Demian Duncan and a letter from Duncan to Robinson's father.  In these materials, Duncan admitted to committing both murders.  Neither the letter nor the affidavit included an address for Duncan. However, it did contain an Ohio inmate number that corresponded to an individual who is in prison for 16 years following multiple robbery convictions.  Moreover, Duncan was incarcerated at Southern Ohio Correctional Facility, which is where Robinson was also incarcerated at the commencement of his prison term.

{¶4}    After the State filed its opposition, Robinson filed a reply brief with an attached affidavit executed by him on October 7, 2014.  Robinson attested that he only confessed to murdering Jones after the interrogating police officers told him that his girlfriend, Dusty Woods, was suffering an asthma attack in a nearby cell and would not be released until he confessed.  In regard to the Ober murder, Robinson stated that he only gave his confession after Ms. Woods called him and told him that the police were questioning her on the incident and possibly about to charge her.  He averred both confessions were false and he just made them to help Ms. Woods.  Robinson also averred that he "did not know until years later the true events that happened with Grover Jones and Dennis Ober, [sic] and Demian Duncan."

{¶5}    The trial court did not conduct an evidentiary hearing and instead issued a judgment entry denying the motion to withdraw his guilty plea.  In so doing, the trial court stated as follows:

---

[1] It appears from the record that Robinson filed a motion to withdraw his guilty plea in both CR-2003-02-0555 and CR-2005-01-0042.  Robinson's appellate brief argues that the trial court erred in denying both motions to withdraw his guilty pleas.  But, there is no indication that the trial court has taken any action in regard to Robinson's motion to withdraw guilty plea in CR-2003-02-0555.  As a result, we are constrained to only reviewing the trial court's judgment in CR-2005-01-0042 since the notice of appeal only relates to that judgment.

> The only purported evidence attached in support of [Robinson]'s motion is what appears to be a confession letter from Damien Duncan [sic], an inmate at the Southern Ohio Correctional Facility, who is presently serving a sixteen-year prison sentence for multiple robberies. The Court gives no weight to this letter. *[Robinson] has not provided the Court with any other evidentiary materials in support of his claims.* Therefore, the Court finds that [Robinson] has failed to meet his burden on establishing the existence of a manifest injustice.

(Emphasis added.) The trial court also found that res judicata barred Robinson's motion. Robinson timely appealed the denial of his motion to withdraw his guilty plea in case number CR-2005-01-0042, presenting a sole assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in denying the appellant's motion to withdraw his guilty pleas.**

{¶6}   In his sole assignment of error, Robinson contends that the trial court erred by denying his motion to withdraw his guilty plea in case number CR-2005-01-0042.  Specifically, he argues that the trial court failed to properly consider Duncan's affidavit that was attached to the original motion to withdraw and Robinson's affidavit that was attached to his reply brief. Robinson also argues that the trial court erred in concluding that res judicata barred his motion. We agree on both points.

{¶7}   Crim.R. 32.1 pertinently provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Since trial courts are vested with discretion when addressing motions to withdraw guilty pleas, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial] court."  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.  Accordingly, we review a trial court's ruling on a Crim.R. 32.1

motion for an abuse of discretion. *State v. Cargill*, 9th Dist. Summit Nos. 27011, 27590, 2015-Ohio-661, ¶ 8. A trial court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} "[T]he extent of the trial court's exercise of discretion * * * is determined by the particular provisions that govern the motion under which the defendant is proceeding[.]" *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 33. While "a presentence motion to withdraw a guilty plea should be freely and liberally granted," *State v. Xie*, 62 Ohio St.3d 521, 527 (1992), the same principle does not apply in a post-sentence motion since there the defendant "has the burden of establishing the existence of manifest injustice," *Smith* at paragraph one of the syllabus. We have previously defined manifest injustice as "relat[ing] to a fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 5, citing *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11. Trial courts are not required to hold a hearing on a post-sentence motion to withdraw a guilty plea where the "'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate manifest injustice.'" *State v. Razo*, 9th Dist. Lorain No. 05CA008639, 2005-Ohio-3793, ¶ 20, quoting *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 12. The standard of manifest injustice is exacting as "a post-sentence withdrawal motion is allowable only in extraordinary cases." *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9; *see also State v. Molnar*, 9th Dist. Summit No. 25267, 2011-Ohio-3799, ¶ 17

(Belfance, J., concurring) ("When a defendant moves to withdraw his plea after sentence, * * * he must meet a high burden[.]").

**{¶9}** Here, three pieces of evidence were offered in support of Robinson's motion to withdraw his guilty plea: (1) the letter from Duncan to Robinson's father; (2) Duncan's affidavit; and (3) Robinson's affidavit. In its judgment entry denying the motion, the trial court indicates that it gave no weight to the letter from Duncan to Robinson's father. But, it never addresses the weight of Duncan's affidavit or Robinson's affidavit. Indeed, the trial court's judgment entry explicitly states that Robinson offered no other evidentiary materials besides Duncan's letter, which suggests that it failed to properly consider the affidavits. In light of the trial court's failure to account for *all* of the evidentiary materials offered by Robinson, its decision to deny the motion to withdraw guilty plea constituted an abuse of discretion. *See State v. Jeffrey*, 9th Dist. Summit No. 26639, 2013-Ohio-2985, ¶ 11 (reversing trial court's denial of motion to withdraw guilty plea where it failed to "squarely address" the evidentiary issues raised by the defendant in his motion). It is within the trial court's province, not ours, to determine "the good faith, credibility and weight of the movant's assertions in support of the motion" and we accordingly remand this matter for the trial court to consider the assertions in Duncan's affidavit and Robinson's affidavit. *Smith* at paragraph two of the syllabus.

**{¶10}** We do not express any opinion as to whether a hearing is necessary in this matter or as to whether Robinson should be allowed to withdraw his plea. Rather, this matter is simply being remanded for the trial court to properly account for all of the evidence offered in support of Robinson's motion to withdraw guilty plea and to further consider the motion after accounting for all of the evidence. *See Jeffrey* at ¶ 11 (remanding matter "for further consideration" of the

motion to withdraw guilty plea and declining to express an opinion as to whether withdrawal should ultimately be allowed).

{¶11} Finally, we determine that res judicata does not bar Robinson's motion to withdraw his guilty plea, as the trial court erroneously found. We have previously noted that the doctrine of res judicata applies to Crim.R. 32.1 motions to withdraw guilty pleas. *Molnar*, 2011-Ohio-3799, at ¶ 9. But, the preclusive effect of res judicata only "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Robinson's September 30, 2014 Crim.R. 32.1 motion is the first motion that he has filed to withdraw his guilty plea. Moreover, the basis for Robinson's motion is newly-discovered information that he purportedly received years after his conviction. As a result, the issues raised in this motion have not been previously raised, nor could they have been, and the doctrine of res judicata is inapplicable. *See State v. Nemchik*, 9th Dist. Lorain No. 98CA00729, 2000 WL 254908, * 1 (Mar. 8, 2000) ("To survive preclusion by *res judicata*, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record.").

{¶12} Accordingly, we sustain Robinson's sole assignment of error.

III.

{¶13} Having sustained Robinson's assignment of error, we reverse the judgment of the Summit County Court of Common Pleas and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P.J.
MOORE, J.
CONCUR.

APPEARANCES:

JONATHAN T. SINN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.