[Cite as *State v. Robinson*, 2016-Ohio-8444.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    28065 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACKY ROBINSON, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2005-01-0042 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2016

CARR, Judge.

{¶1}    Appellant, Jacky Robinson, Jr., appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 2005, Robinson pleaded guilty to aggravated murder and aggravated burglary, along with multiple firearm specifications, in the criminal case arising out of the murder of Dennis Ober.  The trial court found Robinson guilty and sentenced him to life imprisonment in Case No. 2005-01-0042.  The trial court further ordered that his sentence be served consecutive to his sentence in Case No. 2003-02-0555, a separate criminal case where Robinson was convicted of murdering a different victim.  Robinson did not appeal his conviction.

{¶3}    Almost ten years later, on September 30, 2014, Robinson filed a motion to withdraw his plea, along with a letter and affidavit in support of the motion.  After the State filed a brief in opposition, Robinson filed a reply brief and attached his own affidavit.  On December

2, 2014, the trial court denied the motion without a hearing.  In support of its ruling, the trial court noted that it accorded no weight to the letter, and that Robinson had failed to provide any other evidence in support of his claims.  The trial court further concluded that Robinson's motion was barred by the doctrine of res judicata.

{¶4}   Robinson filed a timely notice of appeal.  On October 14, 2015, this Court issued a decision reversing the trial court's order based on the fact that the  court failed to account for the two affidavits that Robinson attached in support of his motion.  *State v. Robinson*, 9th Dist. Summit No. 27641, 2015-Ohio-4262, ¶ 9.   In reaching this conclusion, this Court took no position "as to whether a hearing is necessary in this matter or as to whether Robinson should be allowed to withdraw his plea."  *Id*. at ¶ 10.  We further determined that Robinson's motion was not, in fact, barred by res judicata.  *Id*. at ¶ 11.

{¶5}   On remand, the trial court again denied Robinson's motion after consideration of all the evidence submitted in support thereof.  Robinson has again appealed the trial court's order to this Court.  On appeal, Robinson raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION
TO WITHDRAW HIS GUILTY PLEAS[.]

{¶6}   In his sole assignment of error, Robinson argues that the trial court erred in denying his motion to withdraw his guilty pleas.  This Court disagrees.

### Background

{¶7}   As noted above, Robinson pleaded guilty to aggravated murder and aggravated burglary in Case No. CR 2005-01-0042, the criminal case arising out of the murder of Dennis Ober.  At the time Robinson confessed to the Ober murder, Robinson was serving a prison term

in Case No. CR 2003-02-0555, a case where he had pleaded guilty to murdering Grover Jones. While Robinson's motion to withdraw his guilty plea discussed both cases, his notice of appeal pertains solely to Case No. CR 2005-01-0042. In support of his motion, Robinson attached a letter from a man named "Demian Duncan" addressed to Robinson's father wherein Duncan took responsibility for the murders of Ober and Jones. Robinson also attached an affidavit supposedly executed by Duncan, as well as his own affidavit. The documents contained information suggesting that Duncan was incarcerated at the same prison where Robinson had been incarcerated at the onset of his prison term. In Robinson's affidavit, he averred that he confessed to the murders under pressure from interrogators. With respect to the Ober murder, Robinson averred that he confessed to the murder because his girlfriend informed him that police might charge her if he did not take responsibility. According to Robinson, he was not aware of the "true events" until years later when he learned that Duncan was responsible for the crime.

### Discussion

{¶8} On appeal, Robinson contends that his convictions constituted a manifest miscarriage of justice because he confessed and pleaded guilty to two murders that he did not commit. Robinson argues that the trial court erred in denying his motion to withdraw his guilty plea because the evidence attached in support of his motion demonstrated that he was not responsible for the crimes and that he pleaded guilty only to protect his girlfriend.

{¶9} An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion. *State v. Chavers*, 9th Dist. Wayne No. 10CA0031, 2011-Ohio-3248, ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When

applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶11} "One who enters a guilty plea has no right to withdraw it." (Internal citations omitted.) *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). A defendant filing a post-sentence motion to withdraw a guilty plea "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. The term "manifest injustice" has been described as a "clear or openly unjust act." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *Ruby* at ¶ 11, quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *Brown* at ¶ 9, quoting *Smith*, 49 Ohio St.2d at 264. A trial court may, in its sound discretion, evaluate the credibility of the affidavits attached to a motion to withdraw a guilty plea to determine whether to accept the affidavits as true statements of fact. *State v. Christley*, 11th Dist. Portage No. 99-P-0022, 2000 WL 655448, *3-4 (May 19, 2000); *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 29-30. An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to

submit evidentiary materials demonstrating a manifest injustice. *State v. Buck*, 9th Dist. Lorain No. 04CA008516, 2005-Ohio-2810, ¶ 14.

{¶12} The letter and affidavit attributed to Demian Duncan purported to show that Duncan was coming forward to take responsibility for the murders of Ober and Jones. The letter to Robinson's father stated that Duncan was coming forward because his "guilt ha[d] been eating at [him]." The affidavit identified Duncan as Inmate No. 551-151. In the affidavit, Duncan purportedly set out a narrative where Duncan and another man, identified only as "dude," burglarized and murdered two people in a period of ten hours in February 2003. The affidavit suggests that immediately following the horrific crimes, Duncan drove to a "popular [hangout]" in Akron where he met Robinson and several other people. In the parking lot, Duncan and the "dude" told the group about the murders they had committed, though they conveyed that it was the "dude," and not Duncan, who was actually the triggerman. According to the affidavit, Duncan then drove Robinson to a wooded area in the stolen car of one of the murder victims where Robinson fired the murder weapon into the air several times. Robinson allegedly did this as a dare to "break his fear of guns." Duncan then gave Robinson the gun as "a welcome home gift" because Robinson had recently been released from the Department of Youth Services. The affidavit concluded that, unbeknownst to Robinson, the "dude" then orchestrated a setup where Robinson took the fall for the murders.

{¶13} In responding to the motion, the State attached a document from the website of the Ohio Department of Rehabilitation and Correction showing that the letter and affidavit purportedly from Duncan spelled his first name incorrectly. Though the letter and affidavit were created by "Demian Duncan #551-151," the prison records showed that Inmate No. 551-151 was

Damien Duncan. The State also stressed that Robinson pleaded guilty and nothing in the evidentiary materials spoke to problems with the underlying criminal proceeding.

**{¶14}** In support of his reply brief, Robinson submitted his own affidavit which was executed on October 7, 2014, roughly one week after he submitted his motion to withdrawal a guilty plea. Therein Robinson stated that his confession in the Jones case followed an interrogation where he was told that his girlfriend would be denied necessary medical attention if he did not take responsibility for the murder. Robinson further averred that after he began serving his prison sentence in that case, his girlfriend informed him that she would be prosecuted for the Ober murder if he did not take responsibility for that crime as well. Robinson stated that he gave false confessions in both cases to protect his girlfriend. Robinson further indicated that, at the direction to his defense attorney, he wrote a letter to the prosecutor's office stating, "I want to die by way of execution and that I would kill again if I was ever released from prison." Though he did not submit any additional evidence in support of this proposition, Robinson averred that he has battled mental health issues his entire life. In regard to Duncan, Robinson stated that his knowledge about the murders in question stemmed from what he had been told by detectives in the Akron Police Department. Robinson acknowledged, however, that he had contact with Duncan on the date in question and that Duncan gave him the gun used to perpetrate the offenses. Robinson maintained that he did not know the "true events that happened" until years later.

**{¶15}** The evidence attached to Robinson's motion fails to demonstrate that this is the extraordinary case where there was a fundamental flaw in the proceedings or where the proceedings were inconsistent with the demands of due process. *Ruby* at ¶ 11. As noted above, the trial court has discretion to evaluate the credibility of the affidavits attached in support of a

motion to withdraw a guilty plea. *Smith,* 49 Ohio St.2d 261, paragraph two of the syllabus; *Christley* at *3-4. The credibility of the Duncan evidence is suspect for numerous reasons. Most notably, Duncan could not identify his co-conspirator as anyone other than a "dude," despite the fact that this man was present for both of the murders and allegedly orchestrated the setup which resulted in Robinson's incarceration. While Robinson attempts to raise questions about the circumstances surrounding his confessions in his own affidavit, he does not specifically claim that his guilty plea was not knowing, intelligent, and voluntary. Additionally, as the trial court noted in its judgment entry, the Duncan affidavit was internally inconsistent regarding whether Duncan forced Robinson to fire the murder weapon or whether the group dared Robinson to fire the gun. Moreover, Robinson's affidavit contradicts the affidavit attributed to Duncan. While Duncan averred that he told Robinson about the murders on the evening of the incident at a popular hangout in Akron, Robinson insisted that he learned about the murders from the Akron police. Given the absence of evidence suggesting that a manifest injustice occurred in this case, the trial court did not abuse its discretion in denying Robinson's motion to withdraw his guilty plea. Likewise, in light of the dearth of credible evidence submitted in support of the motion, the trial court was within its discretion to deny the motion without holding an evidentiary hearing. *Buck* at ¶ 14.

{¶16} Robinson's assignment of error is overruled.

### III.

{¶17} Robinson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

DONNA J. CARR
FOR THE COURT


MOORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JONATHAN T. SINN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.