[Cite as *State v. Joyner*, 2017-Ohio-8652.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                      :    Case No.   17CA5

    vs.                                          :
                              DECISION AND JUDGMENT ENTRY

REUBEN L. JOYNER,

    Defendant-Appellant.                     :

_____

APPEARANCES:

Reuben L. Joyner, Orient, Ohio, Appellant Pro Se.

Judy C. Wolford, Pickaway County Prosecutor, and Jayme Hartley Fountain, Pickaway County Assistant Prosecutor, Circleville, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:   11-8-17
ABELE, J.

{¶ 1}   Reuben L. Joyner, defendant below and appellant herein, appeals from the Pickaway County Common Pleas Court denial of his motion to withdraw a guilty plea and assigns the following error for review:

> "THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT FAILED TO "SQUARELY ADDRESS" THE EVIDENTIARY ISSUES RAISED BY THE DEFENDANT IN HIS CRIMINAL RULE 32.1 MOTION TO WITHDRAW GUILTY PLEA, IN VIOLATION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES."

{¶ 2}   On March 20, 2015, a Pickaway County Grand Jury returned an  indictment that charged appellant with seventeen counts, including: (1) engaging in a pattern of corrupt activity

with a specification as a major drug offender, (2) trafficking in cocaine with a specification as a major drug offender, (3) three counts of trafficking in cocaine, (4) nine counts of trafficking in heroin, (5) complicity to trafficking in heroin, (6) trafficking in heroin, (7) possession of heroin, and (8) possession of cocaine.   These counts included three first-degree felonies, one second-degree felony, one third-degree felony, two fourth-degree felonies, and ten fifth-degree felonies.   Appellant pled not guilty to all charges.

{¶ 3}   On January 13, 2016, the trial court arraigned appellant on an amended indictment that included (1) one count of engaging in a pattern of corrupt activity with specification as a major drug offender (Count 1), a second-degree felony, (2) trafficking in cocaine with specification as a major drug offender (Count 2), a first-degree felony, (3)trafficking in heroin (Count 27), a second-degree felony, and (4) possession of cocaine (Count 31), a fourth-degree felony.   On January 28, 2016, the trial court explained appellant's rights under the United States and Ohio Constitutions, as well as Ohio law, the nature of the crimes charged and their penalties, appellant's right to a trial by jury, compulsory process, confrontation of witnesses, right against self-incrimination, and the state's burden of proof.   Appellant then pled guilty to the amended indictment.

{¶ 4}   On March 3, 2016, the trial court sentenced appellant to serve five years on Count 1, eleven years mandatory on Count 2, four years on Count 27, and 24 months on Count 31.   The court further ordered that (1) the sentences for Counts 2 and 31 be served concurrently, (2) after the completion of the mandatory 11 year sentence for Count 2, the sentences for Counts 1 and 27 are suspended, and (3) appellant will serve 5 years of community control.

{¶ 5}   Nearly one year later, on February 3, 2017, appellant filed a pro se motion to

withdraw his guilty plea pursuant to Crim.R. 32.1, as well as a "Motion for Request of Mutual Rescission of Plea Agreement." After the state responded, the trial court denied both motions. This appeal followed.[1]

{¶ 6} Appellant asserts in his assignment of error that the trial court erred by denying his post-sentence motion to withdraw his guilty plea. Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw a guilty plea after sentencing has the burden to establish that a manifest injustice will occur if the plea stands. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a "clear or openly unjust act." *State v. Darget*, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, ¶ 21, citing *State v. Dotson*, 4th Dist. Washington No. 03CA53, 2004-Ohio-2768, ¶ 5, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). This is an extremely high standard and will permit a defendant to withdraw a guilty plea only in extraordinary cases. *Darget* at ¶ 21, citing *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923, ¶ 8.

{¶ 7} Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Boswell*, 121 Ohio St.3d 575, 2009–Ohio–1577, 906 N.E.2d

---

[1] Appellant's notice of appeal references the denial of both his Crim.R. 32.1 motion to withdraw his guilty plea and his "motion for request of mutual rescission of plea agreement," his assignment of error and brief

422, ¶ 9, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). Further, the decision to grant or to deny a Crim.R. 32.1 motion is generally committed to the trial court's sound discretion and appellate review of the denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. The term 'abuse of discretion' connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary." *Whitaker* at ¶ 9.

{¶ 8} Turning to the case at bar, appellant argues that the trial court's denial of his motion to withdraw his guilty plea failed to "squarely address" the evidentiary issues raised within the motion. Appellant relies on *State v. Jeffrey*, 9th Dist. Summit No. 26639, 2013-Ohio-2985, to support his claims. Jeffrey was indicted on 11 counts and later pled guilty to burglary and domestic violence. After pleading guilty and being released on bond to attend two family funerals, Jeffrey failed to appear and was later arrested. *Id.* at ¶ 3. The trial court denied Jeffrey's motion to withdraw his guilty plea, and, on appeal, the Ninth District reversed. Appellant, however, fails to notice the striking differences between this case and *Jeffrey*. Most notably, the *Jeffrey* court considered Jeffrey's motion to be a pre-sentence motion to withdraw a plea, which "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Here, appellant filed his motion eleven months after his sentence. This court has noted that timeliness "is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Darget* at ¶ 19, quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. Second, Jeffrey claimed that the recent deaths of

only addresses the former.

his daughter and sister had affected his plea. The court held that while the trial court had considered his sister's death, it did not consider the impact of his five-year-old daughter's recent death and the fact that Jeffrey had to make funeral arrangements for his daughter as well as his sister. *Jeffrey* at ¶ 10-11. Finally, Jeffrey argued that he did not understand the elements of the charges against him, and that if he had, he would not have pled guilty. In the case sub judice, appellant makes no claim that he did not understand the elements of the charges against him. In fact, our review of the transcript reveals that the trial court thoroughly explained the charges against appellant and questioned him to be sure that his plea was knowing and voluntary. Thus, we find *Jeffrey* to be inapplicable.

{¶ 9} Appellant further contends that the trial court erred in denying his motion to withdraw his guilty plea because: (1) he received ineffective assistance of counsel because his trial counsel "knew that appellant could not have been convicted of a major drug offender specification where nowhere in the record had the appellant met the statutory qualifications for a major drug offender specification," (2) the trial court erred in finding that appellant's ineffective assistance of counsel claim should have been raised on direct appeal, and (3) the doctrine of res judicata does not bar his claims.

{¶ 10} Appellant asserts that the indictment charged that he engaged in criminal activities from August 2010 to December 2014. However, appellant argues that the record showed that appellant did not arrive in Circleville until 2013 and left around 2014. Thus, he contends, he could not have been a major drug offender. However, the trial court noted that during the plea hearing it advised appellant that he had the right to proceed to a jury trial where the state's evidence would have been presented and considered. Instead, appellant freely and voluntarily

signed a waiver of jury trial and pled guilty to the charges. Thus, the trial court correctly held that it could not analyze what evidence supposedly existed, or what evidence the state would have used, to prove the major drug offender specification.

{¶ 11} Second, appellant contends that ineffective assistance of counsel may form the basis of a defendant's post-sentence motion to withdraw guilty plea if the defendant can show that counsel's performance was deficient and a reasonable probability exists that, but for counsel's deficient performance, the petitioner would not have pleaded guilty and would have insisted on going to trial. *State v. Holloman*, 1st Dist. Hamilton No. C-030391, 2004-Ohio-2178, ¶ 14. *Holloman* involved a situation in which the defendant challenged the voluntary nature of his guilty plea because it was induced by the court's and counsel's promise that he would be sentenced to a community corrections center rather than prison. *Id.* at ¶ 13. Because this case involves no such inducement, *Holloman* is inapposite.

{¶ 12} Further, appellant argued that his "pre-trial plea counsel failed to investigate evidence to determine if the plea was valid." Appellant points to *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), in which the Supreme Court of Ohio stated that "a guilty plea waives the right to claim ineffective assistance of counsel except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." Also, in the case sub judice the trial court noted that "the Fourth District Court of Appeals has clearly provided that Crim.R. 32.1 is the 'improper vehicle' for Defendant's ineffective assistance of counsel claim, as his claim relies on matters that are clearly outside the record," citing *State v. Ables*, 4th Dist. Pickaway No. 11CA22, 2012-Ohio-3377, ¶ 11, and *State v. Marcum*, 4th Dist. Hocking No. 12CA20, 12CA24, 12CA25, 2013-Ohio-2447. We agree. Claims of ineffective assistance of

counsel surrounding a plea should generally be raised in a petition for post-conviction relief. *Ables* at ¶ 12. "Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. In 1996, the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim.R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim.R. 32.1 relief." *Ables* at ¶ 11, citing *State v. Moore*, 2d Dist. Montgomery No. 24378, 2011–Ohio–4546, ¶ 14, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 13} Finally, appellant argues that the trial court erred when it held that the doctrine of res judicata barred him from raising an issue in a post-sentence Crim.R. 32.1 motion to withdraw guilty plea that could have been raised, but was not, on direct appeal. "Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at trial or on appeal.' 'More specifically, *a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal.' * * * This doctrine has been extended to Crim.R. 32.1 motions.'"* (Emphasis added and internal

citations omitted.)  *Jackson v. Friley*, 4th Dist. Jackson No. 07CA1, 2007-Ohio-6755, at ¶ 17. Thus, we believe that the trial court properly found that res judicata bars appellant from raising this issue in this manner.

{¶ 14} Accordingly, based upon the foregoing reasons we agree with the trial court's conclusion that appellant failed to establish that a manifest injustice would occur if his plea stands.   Thus, we overrule appellant's assignment of error and affirm the trial court's judgment.

                                                                      JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.