**[Cite as *State v. Robinson*, 2026-Ohio-1261.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO                      C.A. No.      31676

     Appellee

     v.                               APPEAL FROM JUDGMENT
                                              ENTERED IN THE
JACKY ROBINSON, JR.              COURT OF COMMON PLEAS
                                              COUNTY OF SUMMIT, OHIO
     Appellant                        CASE No.      CR-2005-01-0042

DECISION AND JOURNAL ENTRY

Dated: April 8, 2026

---

FLAGG LANZINGER, Judge.

**{¶1}** Defendant-Appellant Jacky Robinson, Jr. appeals the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.

I.

**{¶2}** This is Robinson's second appeal in this matter. As this Court previously explained,

> In 2005, Robinson pleaded guilty to aggravated murder and aggravated burglary, along with multiple firearm specifications, in the criminal case arising out of the murder of [D.O.]. The trial court found Robinson guilty and sentenced him to life imprisonment in Case No. 2005–01–0042. The trial court further ordered that his sentence be served consecutive to his sentence in Case No. 2003–02–0555, a separate criminal case where Robinson was convicted of murdering a different victim. Robinson did not appeal his conviction.
>
> Almost ten years later, on September 30, 2014, Robinson filed a motion to withdraw his plea, along with a letter and affidavit in support of the motion. After the State filed a brief in opposition, Robinson filed a reply brief and attached his own affidavit. On December 2, 2014, the trial court denied the motion without a hearing. In support of its ruling, the trial court noted that it accorded no weight to the letter, and that Robinson had failed to provide any other evidence in support of

his claims. The trial court further concluded that Robinson's motion was barred by the doctrine of res judicata.

Robinson filed a timely notice of appeal. On October 14, 2015, this Court issued a decision reversing the trial court's order based on the fact that the court failed to account for the two affidavits that Robinson attached in support of his motion. *State v. Robinson*, 9th Dist. Summit No. 27641, 2015-Ohio-4262, ¶ 9. In reaching this conclusion, this Court took no position "as to whether a hearing is necessary in this matter or as to whether Robinson should be allowed to withdraw his plea." *Id.* at ¶ 10. We further determined that Robinson's motion was not, in fact, barred by res judicata. *Id.* at ¶ 11.

On remand, the trial court again denied Robinson's motion after consideration of all the evidence submitted in support thereof.

*State v. Robinson*, 2016-Ohio-8444, ¶ 1-5 (9th Dist.) ("*Robinson I*"). Robinson appealed and this Court affirmed.

{¶3} Robinson filed four successive motions to withdraw his guilty plea. In March 2020, Robinson filed a second motion to withdraw his guilty plea. The State filed a response in opposition, and the trial court denied the motion. Robinson did not appeal the trial court's denial of his second motion to withdraw his guilty plea. In March 2024, Robinson filed a third motion to withdraw his guilty plea. The State filed a response in opposition, and the trial court denied the motion. Robinson did not appeal the trial court's denial of his third motion to withdraw his guilty plea. In February 2025, Robinson filed a "CrimR.47 Motion to Notice Plain Error Under Crim.R.11(F)." The trial court denied the motion, noting Robinson's motion was substantially similar to his third motion to withdraw his guilty plea. Robinson did not appeal the trial court's denial of his motion.

{¶4} In July 2025, Robinson filed another motion to withdraw his guilty plea. Robinson asserted he should be able to withdraw his guilty plea "due to manifest injustice relating to breach of plea agreement/contract, ineffective assistance of counsel, failure of the court to announce a sentence and imposition of a sentence contrary to law . . . ." The State filed a brief in opposition

to Robinson's motion asserting Robinson's claims in his successive motion to withdraw were barred by the doctrine of res judicata. In the alternative, the State argued that if the motion was not barred by res judicata, Robinson's motion was meritless because the sentencing journal entry is not new evidence. Robinson filed a reply to the State's brief arguing that res judicata did not apply because the trial court never issued a final appealable order. Robinson asserted the trial court's judgment of conviction was not final because his sentence was contrary to law. The trial court denied Robinson's motion on the basis that his claims were barred by the doctrine of res judicata.

{¶5} Robinson appeals, raising three assignments of error. To facilitate our analysis, we consider Robinson's assignments of error together.

II.

**ASSIGNMENT OF ERROR I**

**ILLEGAL "LIFE IMPRISONMENT" SENTENCE[.]**

**ASSIGNMENT OF ERROR II**

**FAILURE TO SENTENCE ON FIREARM SPECIFICATION[.]**

**ASSIGNMENT OF ERROR III**

**ABUSE OF DISCRETION IN DENYING MOTION TO WITHDRAW PLEA[.]**

{¶6} Robinson's first and second assignment of error assert arguments related to errors he contends the trial court made when it sentenced him in 2005. In his third assignment of error, Robinson contends the trial court abused its discretion when it denied his successive motion to withdraw his guilty plea on the basis that it was barred by the doctrine of res judicata. We disagree.

{¶7} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of

the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Id.* at paragraph one of the syllabus.

{¶8} Crim.R. 32.1 governs the withdrawal of a guilty plea, providing that:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

As the Ohio Supreme Court has explained, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Straley*, 2019-Ohio-5206, ¶ 14, quoting *Smith* at paragraph one of the syllabus. "A 'manifest injustice' is a 'clear or openly unjust act,' . . . and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice . . . ." *Straley* at ¶ 14. "A post-sentence withdrawal of a plea is only permissible under extraordinary cases . . . ." *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.).

{¶9} This Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata. *State v. Miller*, 2003-Ohio-6580, ¶ 9 (9th Dist.). "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 2004-Ohio-3245, ¶ 7 (9th Dist.), quoting *State v. Meek*, 2004-Ohio-1981, ¶ 9 (9th Dist.). An offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion. *Zhao* at ¶ 7-8. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 2006-Ohio-1245, ¶ 18. "[R]es

judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.*

{¶10} On appeal, Robinson asserts that the doctrine of res judicata should not bar his claims because his sentence is void. Robinson also claims the doctrine of res judicata should not bar his claims because a sentencing error rendered his conviction not final and appealable. The Supreme Court of Ohio has made "clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which the trial court fails to impose a statutorily mandated term." *State v. Henderson*, 2020-Ohio-4784, ¶ 27. "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* Robinson does not challenge the trial court's personal or subject matter jurisdiction in this case. "'If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply * * * .'" *State v. Schell*, 2022-Ohio-4142, ¶ 6 (9th Dist.), quoting *State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 12.

{¶11} A review of the record shows the trial court properly denied Robinson's successive motion to withdraw his guilty plea. In support of his motion, Robinson argued he should be able to withdraw his guilty plea "due to manifest injustice relating to breach of plea agreement/contract, ineffective assistance of counsel, failure of the court to announce a sentence and imposition of a sentence contrary to law . . . ." However, Robinson has not explained on appeal why he could not have raised these issues at a prior point in the proceedings. "'The doctrine of res judicata bars [Robinson]'s current challenge of the court's denial of his motion to withdraw his guilty plea because the issues he raises now could have been fully litigated on direct appeal [ ] or raised in his initial motion to withdraw his guilty plea pursuant to Crim.R. 32.1[,]'" and/or any of his three

other successive motions to withdraw his guilty plea. *Gordon*, 2023-Ohio-2754 at ¶ 14 (9th Dist.), quoting *Zhao* at ¶ 7 (9th Dist.); *see Saxon* at ¶ 18 ("[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.").

{¶12} Therefore, the trial court properly concluded Robinson's claims are barred by the doctrine of res judicata. *See id*.

{¶13} Robinson's assignments of error are overruled.

III.

{¶14} Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER  
FOR THE COURT

STEVENSON, J.  
CONCURS.

CARR, P. J.  
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

JACKY ROBINSON, JR., pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.